NATHANIEL WILSON, JUNIOR, in equity,

*vs.*

MELLVILLE W. PAGE and others.

Penobscot.    Opinion June 7, 1884.

*Mortgage.    Foreclosure.    Notice.*

A recital that "Nathaniel Wilson, of Orono, Penobscot county, by his deed of June 3rd, 1862, recorded in Penobscot registry of deeds, volume 320, page 118, conveyed to S. H. Blake, of Bangor, in mortgage, a certain parcel of land in said Orono, containing six and one-half acres, more or less, being the same premises conveyed to said Blake, by James Page, 30 March, A. D. 1858, recorded in Penobscot registry of deeds, vol. 285, page 184, excepting a small portion of same, heretofore released by said Blake to Davis Estes; meaning, hereby, the same premises conveyed by said Blake to said Wilson, June 3rd, 1862," is a good description in a notice for foreclosure. .

It is not invalidated because the excepted parcel was conveyed not to Davis Estes, but to his wife, Susan Estes, the same misnomer appearing in the deed to and in the mortgage from Wilson, and no misapprehension or mistake arising from it.

The notice is not required to be published "three weeks successively," so as to continue for the space of twenty-one days; it is to appear in three consecutive weekly issues of a newspaper.

ON REPORT.

Bill to redeem inserted in a writ dated March 1, 1883.    The notice of foreclosure was given in August, 1878, and the legality of the foreclosure was the only question at issue before the law court.    The opinion states the facts.

*N. Wilson,* for the plaintiff, cited:  *Blake* v. *Dennett,* 49 Maine, 102;  *Chase* v. *Savage,* 55 Maine, 543;  *Chase* v. *McLellan,* 49 Maine, 375.

*Barker, Vose and Barker,* for the defendants, cited: *Allen* v. *Bates,* 6 Pick. 460; 20 Pick. 121;  22 Pick. 277; 9 Gray, 351; *Pearce* v. *Savage,* 45 Maine, 90;  *Chase* v. *Savage,* 55 Maine, 543; *Bragg* v. *White,* 66 Maine, 157.

PETERS, C. J.    Samuel H. Blake, conveyed a parcel of land to Nathaniel Wilson.    Wilson mortgaged it back to Blake by a

description the same as that in the deed. Blake foreclosed the mortgage by the same description, and sold and conveyed the foreclosed premises to the respondents by the same description. The complainant seeks to redeem upon the same description, and his point is that the foreclosure proves to be ineffectual because the notice does not "intelligibly" describe the premises. The idea is this : That the description was sufficient to convey by, to mortgage by, to sell and again convey by, to found a bill to redeem upon, and not sufficient when embodied word for word in a notice to foreclose.

Our own opinion is, that the old, familiar description affords a better notice than any other would. Ordinarily, the mortgagee is not required, in his notice of foreclosure, to give a better description of premises to, than he received from, the mortgagor. The statute says the description must be "intelligible." The main design of the statute is, not to require more description than the mortgage affords, but to prevent unintelligible descriptions, when, as in many cases, short notices contain less. The description in all mortgages and deeds, as well as in notices to foreclose, must be intelligible, "capable of being understood or comprehended," in order to render the instrument valid. Descriptions, however, rarely prove themselves. The identity of an estate conveyed must generally be shown to some extent by parol evidence. *Chase* v. *McLellan,* 49 Maine, 375 ; *Smith* v. *Larrabee,* 58 Maine, 361.

The premises are thus described in the published notice : " Nathaniel Wilson, of Orono, county of Penobscot, by his deed of June 3, 1862, recorded in Penobscot registry of deeds, vol. 320, page 118, conveyed to S. H. Blake, of Bangor, in fee and mortgage, a certain parcel of land, in said Orono, containing six and one-half acres, more or less, being the same premises conveyed to said Blake by James Page, 30 March, A. D. 1858, recorded in Penobscot registry of deeds, vol. 285, page 184, excepting a small portion of same heretofore released by said Blake to Davis Estes ; meaning, hereby, the same premises conveyed by said Blake to said Wilson, June 3, 1862." A reference to the deed from Page, and the references contained

in that deed, are enough, finally, to disclose that lot number eleven, in Orono, according to some survey, was intended to be conveyed. There is no evidence in the case to indicate any difficulty in tracing out the boundaries of the land covered by the earlier deeds. Blake's grantor received from E. P. Treat a conveyance of the land plainly described by metes and bounds. The mortgagee and his assignee knew that a mortgage existed. The notice was sufficient to inform them that a foreclosure of it was initiated. See *Welch* v. *Stearns*, 74 Maine, 71, 75.

The description of premises first embodies an entire tract, and then deducts and excepts therefrom a small parcel conveyed by Blake to Davis Estes. It turns out that the conveyance was not to Davis Estes, but to his wife, Susan Estes. The same misnomer appears in the deed to, and in the mortgage from Wilson, as well as in the deed of Blake to the respondents. No misapprehension or mistake appears to have been occasioned by the misnomer. Probably it better identified the mortgage, to take even its defective description. *Ryder* v. *Mansell*, 66 Maine, 167.

It is contended that the notice was not published "three weeks successively" before recorded, that is, not twenty-one days before. The law does not require it. It was published in three consecutive weekly issues of the newspaper. The record in the registry of deeds must be "within thirty days after such last publication." Therefore it may be within one day after. The right of redemption expires in three years from the first publication. R. S., c. 90, § 6.

*Bill dismissed with costs.*

BARROWS, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.